# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| In re:<br><br>LEE J. BUIVIDAS,<br><br>  Debtor. | Case No. 04-14280-RGM<br>(Chapter 13) |
| LEE J. BUIVIDAS and<br>DALYN BUIVIDAS,<br><br>  Plaintiffs,<br><br>vs.<br><br>SAMUEL L. VELASQUEZ,<br><br>  Defendant. | Adv. Proc. No. 05-1188 |

## MEMORANDUM OPINION

THIS CASE was before the court on November 29, 2005, for consideration of the party's calculations as set forth in this court's order of November 21, 2005. (Docket Entry 81).

The trust agreement between the parties provided that Mr. Buividas would be responsible for all expenses of ownership of the property. He is required to reimburse Mr. Velasquez for the expenses of ownership of the property that Mr. Velasquez paid. Thus, Mr. Buividas must pay the purchase money note that encumbers the property and reimburse Mr. Velasquez for the net amount of the downpayment. In addition, the parties agreed that Mr. Buividas would pay Mr. Velasquez interest on the downpayment Mr. Velasquez advanced at the rate of 8% per annum.

At the same time, a trustee cannot benefit or profit by actions he takes that are adverse to his beneficiary or contrary to his trust or make his beneficiaries' obligations more difficult.[1] Thus, during the period that Mr. Buividas was prevented from refinancing the property or selling the property, he is not responsible for the costs of ownership.

The manner in which the amount due to Mr. Velasquez is to be computed is set forth in the order of November 21, 2005 and accounts for the obligations of both parties to the other. The parties agree that the adequate protection payments made by the debtor through November 29, 2005, totaled $41,400.00 and that the principal reduction from June 2, 2004 to November 29, 2005 was $27,686.97. Consequently, the amount Lee J. Buividas shall pay to Samuel A. Velasquez is computed as follows:

| Amount due to Samuel A. Velasquez | |
| --- | --- |
| Gross funds advanced by Mr. Velasquez at closing on August 1, 2005 | $165,196.31 |
| Less paid by Mr. Buividas at closing | $1,541.31 |
| Less adequate protection payments made to November 29, 2005 | $41,400.00 |
| Plus principal reduction from June 2, 2004 to November 29, 2005 | $27,686.97 |
| Plus interest on $163,655.00 at the rate of 8% per annum from August 1, 2003 to March 17, 2004 | $8,255.49 |

---

[1] In this case, the evidence is clear that Mr. and Mrs. Buividas have had significant difficulties in obtaining the loan necessary to purchase the property. In deed, that is why the trust relation was created. The trustee's actions in denying the existence of the trust and acting contrary to its terms and his beneficiaries' interests increased the amounts that the beneficiaries (1) paid to the mortgage company during the term of the trust and (2) must borrow to pay-off the downpayment advanced by the trustee together with the interest accruing to the benefit of the trustee, payable at the time of the refinance or sale, and the amounts that they were unable to pay to the mortgage company that were advanced by the trustee. The effect is to make a refinance more difficult and a sale more likely. Perhaps the trustee intended this result in the hopes that he could purchase the property if it is sold. The trustee stated that he intends to retain and not sell the property if he is the owner.

| Net Amount Due to Samuel A. Velasquez | $158,197.46 |
|---|---|
| Plus interest on the Net Amount Due to Samuel A. Velasquez at the rate of 8% per annum from November 29, 2005 | $34.67 per day |

The references to additional adjustments due to a stay of the order of November 21, 2005 have been removed. Mr. Velasquez filed a notice of appeal and a motion for a stay pending appeal which the court granted conditioned upon posting a bond. While Mr. Buividas may be injured by such a stay and Mr. Velasquez' actions may be a further violation of his duties as trustee because they impair his beneficiary's ability to refinance or sell the property, further adjustments may be made up to the time of settlement or may be recovered from the bond. It is not necessary to compute them at this time, only to expressly reserve jurisdiction to make such further adjustments, as may be appropriate.

It appears from the parties' statements at the hearing on the defendant's motion for a stay pending appeal and the defendant's motion for clarification filed on November 28, 2005, that their obligations to each other until the purchase money loan made by Saxon Mortgage is paid may be unclear. As stated above, Mr. Buividas is responsible for the costs of ownership of the property. Thus, as between Mr. Velasquez and Mr. Buividas, Mr. Buividas is responsible for paying the Saxon Mortgage note until it is paid in full. In the event that he is prevented from refinancing or selling the property or pursuing a sale or refinance because of a stay pending appeal, the court will consider a further adjustment to the net amount due to Mr. Velasquez at the time of the payment of Saxon Mortgage or on a motion to recover against the bond. In the interim, Mr. Buividas will make the regular payments due to Saxon Mortgage. They will be made directly to Saxon Mortgage unless the parties agree otherwise. Such an agreement should be incorporated into an order of this court.

3

Mr. Velasquez represents that he has not further encumbered the property and the court accepts that representation. He also suggests that homeowner association fees are in arrears. Whether they constitute a lien or not, they are costs of ownership of the property and are to be paid by Mr. Buividas. Because there was no evidence of them at trial, no credit for homeowner association fees that accrued from March 17, 2004 through November 29, 2005 will be given to Mr. Buividas.

The order to convey title to the property from Mr. Velasquez to Mr. Buividas is not an order for a sale of property of the bankruptcy estate but is an order requiring title to be placed as intended by the parties. It is appropriate due to Mr. Velasquez' breach of his fiduciary duties to his beneficiary. As long as title remains in Mr. Velasquez, Mr. Buividas' attempts to refinance or sell will be frustrated. Mr. Velasquez is protected by the fact that the court retains jurisdiction over the property and it may not be sold or refinanced without further order of this court. In any event, when it is sold or refinanced, all liens of record and the obligations to Mr. Velasquez must be satisfied.

The property is property of the estate and Saxon Mortgage appears to be subject to the automatic stay imposed by §362 of the Bankruptcy Code as to the property. While Saxon Mortgage may not be stayed as to actions against Mr. Velasquez individually as maker of the note, Mr. Velasquez has the ability to request a stay in this proceeding under §105.[2] In any event, absent a stay pending appeal, the court expects the debtor to promptly file a chapter 13 plan that will pay off the debtor's obligations by refinancing the Saxon Mortgage note or selling the property.

---

[2] Whether that would be granted is another matter. But, it is an alternative to be considered.

Mr. Velasquez raised several issues in his motion. To the extent that the answers remain unclear or that the parties desire further consideration of them or related uncertainties, the Defendant's Request for Clarification and Motion for Adequate Protection will be set for a hearing on December 13, 2005, at 9:30 a.m.

Alexandria, Virginia
November 30, 2005

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Thomas J. Stanton
Gerald M. O'Donnell
Vivieon E. Kelley

12559